# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 91-CV-321-P-S |
| | ) |
| BRENDA HARVEY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER FOLLOWING STATUS CONFERENCE

The Court held a status conference with the parties and the Special Master in this case on June 24, 2009. As the Court indicated on the record, the Special Master and the parties are to be commended for the work they have accomplished since the last status conference.

Based on the Court's review of the written submissions as well as what it heard from the Special Master and counsel at the status conference, the Court still believes that the work that remains to achieve what Plaintiffs' counsel termed "current substantial compliance" can be accomplished by September 2009 and that it is the Court's obligation to push the parties towards that goal. Given the tremendous progress that has been made to-date, the Court also continues to believe that transitioning this case to the post-Consent Decree phase is an important priority that will ensure the gains made on behalf of the Class become truly ingrained in the system. Once current compliance is achieved and the mechanisms for future compliance are in place, it would, in the Court's view, be a mistake to delay full implementation of those mechanisms. To be clear, the Court does not wish to terminate the Consent Decree prematurely. However, it would be a similar disservice to the long-term interests of the Class to delay termination of the Consent

Decree and the related move to a compliant comprehensive system of services that exists absent this Court's close supervision.

Therefore, the Court hereby ORDERS that any and all outstanding Plans of Corrections and other reports be filed with the Special Master in order to allow the Special Master to prepare and file a final report with the Court by September 15, 2009. The Court expects that this report will include any updated information on each of the eleven subject areas. As to each of the eleven areas, the report shall also indicate the Special Master's assessment as to: (1) whether Defendants have achieved substantial compliance, (2) whether there are mechanisms in place to assure future compliance, and (3) whether Defendants have shown a demonstrable commitment to achieving and maintaining compliance. The parties may file objections, if any, to this report by the Special Master no later than September 25, 2009.

As the Court indicated at the status conference, in moving this case to its post-Consent Decree stage, the Court believes that the best resolution would result from a jointly developed proposed order. The Court has reviewed and considered the Plaintiff's Draft Order (Docket # 351-2), which indicates that it was last substantively updated in May 2007. The Court is open to considering a substantially similar, updated version of this order if it is what the parties jointly propose. The parties shall submit any proposed order or injunction that terminates the Consent Decree and/or should be entered upon the Court's termination of the Consent Decree by September 25, 2009.

The parties shall resume the filing of joint monthly status reports on August 1, 2009, and shall continue to file such reports until the Consent Decree is terminated.

The Court hereby notifies the parties that after it has received and reviewed the September 2009 filings contemplated by this Order and in the absence of a motion to terminate

the Decree being filed by that time, the Court may consider issuing an order to show cause as to why the Consent Decree should not be terminated based on the Court's finding that compliance has been achieved in accordance with paragraph IV.7 of the Decree. It is the Court's current view that no Court-ordered notice to the Class is required pursuant to Federal Rule of Civil Procedure 23(e) given the notice that was provided to the Class when the Decree was entered (See Decree Sec. III.) Nonetheless, the Court appreciates that Plaintiff's Counsel may be obliged to notify all remaining class members regarding the potential termination and urges the parties to work collaboratively in order to notify class members of the potential termination of the Consent Decree in the near future. To the extent any party believes Court-ordered notice of any termination is required by the Federal Rules of Civil Procedure and/or terms of the Consent Decree, the parties may file memoranda explaining their positions by September 25, 2009.

    SO ORDERED.

                                                  /s/ George Z. Singal
                                                United Stated District Judge

Dated this 24th day of June, 2009.