UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CONSUMER ADVISORY BOARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Docket no. 91-CV-321-P-S |
| | ) | |
| BRENDA HARVEY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ACCEPTING THE SPECIAL MASTER'S REPORTS REGARDING PLANS OF CORRECTION FOR COMMUNITY INCLUSION**

Before the Court is the September 18, 2009 Special Master's Report Regarding Plan of Correction for Community Inclusion (Docket # 361) (the "September 18, 2009 Report"). Additionally, the Court has received and reviewed the October 9, 2009 Final Report of the Special Master (the "October 9, 2009 Report"), which, in relevant part, approves the plan of correction for community inclusion that Defendants submitted on September 30, 2009. To the extent that the October 9, 2009 Report speaks to community inclusion and approves the revised plan of correction, Plaintiffs have filed an objection. (See Pls.' Obj. to Final Report of Special Master (Docket # 372) at 12-16.) The Court has considered Plaintiffs' community inclusion objections, including all of the materials submitted in support of their objections (Pls.' Exs. D-G (Docket #s 372-4-372-7).)[1] Given the timing of the final round of filings made to the Special Master, neither Plaintiffs nor the Special Master had time to complete the objection process contemplated under the Order of Reference. (See Order of Reference (Docket # 246) § VI.) Thus, in an abundance of caution the Court has considered this matter *de novo* based on all of the information currently available on the docket.

After a *de novo* review of the Reports and the docket as a whole, the Court ACCEPTS and AFFIRMS the Special Master's approval of the Plan of Correction as well as all of the findings and conclusions laid out in these Reports with respect to community inclusion for the subset of class

---

[1] Plaintiffs materials include a document titled, "Plaintiffs' Motion to Exclude Summary Statements About Class Members in Defendants' September 30, 2009 Plan of Correction" (Docket # 372-4), which Plaintiffs suggest this Court should consider and rule upon since it does not appear that the Special Master ruled upon this Motion. The Court's own review of the docket indicates that the objectionable summary statements were not provided to the Court. Thus, to the extent that the Court has not had these statements to review, the summary statements were not considered by this Court.

members with a high level of needs as a result of significant medical, behavioral and safety concerns.  Just as the Special Master found, the Court also concludes that the Defendant's newly adopted policies, combined with the grievance process, will ensure that any class member's unmet needs for community inclusion are addressed in a timely fashion.  It is undoubtedly unfortunate that the State's budget crisis has led to the closure of successful community inclusion programs, which, in turn, has disrupted the daily lives of some class members.  However, the Court must view the approval of the Plan of Correction and the current status of community inclusion for the class in the context of the very broad community inclusion goals found in the 1994 Consent Decree.  (See 1994 Consent Decree § V; Oct. 9, 2009 Report (Docket # 366) at 15.)   When viewed against this standard, the Court FINDS substantial compliance with the Consent Decree's requirements for community inclusion.

  SO ORDERED.

                  /s/ George Z. Singal
                  United States District Judge

Dated this 2nd day of February, 2010.