## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 91-CV-321-P-S |
| | ) |
| BRENDA HARVEY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER REGARDING INFORMED CONSENT

Before the Court is the September 22, 2009 Special Master's Report Regarding the Supplemental Plan of Correction for Professional Services (Docket # 363). Via this Report, the Special Master provided the Court with an update regarding the outstanding issue of informed consent for persons under guardianship. As noted in this Report, the Special Master directed Defendants to file a Plan of Correction regarding this issue on March 14, 2008. In the Special Master's December 5, 2008 Report Regarding Defendants' Plan of Correction for Professional Services (Docket # 326), it appeared Defendants were on track to ensure adequate informed consent policies were in place and functioning by early 2009. However, in the September 22, 2009 Report, the Special Master concludes: "All providers have not adopted adequate policies regarding informed consent; [f]or those which have, there is affirmative evidence that a very sizeable proportion are not implementing the policies consistently; and [o]n the schedule [Defendants propose], there is no prospect of making a determination that the Defendants are in compliance with the [informed consent] requirements of the Consent Decree until sometime after March 30, 2010 at the earliest, a full two years after the initial Special Master Report [that required correction of the informed consent policy and practice]." (Sept. 22, 2009 Special Master Report (Docket # 363) at 4-5.)

The Court is bewildered by this unresolved issue. Maine law unequivocally requires informed consent be obtained from the guardian for "legally incompetent" persons. See 34-B M.R.S.A. § 5605(8) (G-I). Thus, Defendants' failure to achieve certified substantial compliance with this requirement suggests not only a failure to comply with the 1994 Consent Decree, but a

willingness to accept blatant violations of Maine statute. "For class members who lack decision-making capacity, informed consent by a guardian is an important safeguard in decision-making about medical and dental treatment, as well as in the use of psychotropic medications, which, while beneficial, also present the risk of serious and permanent side effects." (March 20, 2008 Special Master's Report (Docket # 304) at 9.) It is hard to imagine how the Court could find the necessary conditions for termination of the Consent Decree absent the safeguard of functioning informed consent policies for class members under guardianship.

Defendants are hereby ORDERED to provide the Court with a status report on its efforts to implement adequate informed consent policies for all class members under guardianship. This report shall indicate exactly how many of the remaining class members are under guardianship. If possible, Defendants shall certify that each of the providers for these class members now has an acceptable informed consent policy in place and that each guardian is aware of the policy. Absent such a certification, Defendants shall provide the Court with a timeline for being able to certify the implementation of informed consent policies, including guardian notification of such policies. Defendants shall file this report on or before February 22, 2010. Plaintiffs need not file any response to this report but the Court will consider any response filed on or before February 26, 2010.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 2nd day of February, 2010.