UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Docket no. 91-CV-321-P-S |
| ) | |
| BRENDA HARVEY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER REGARDING SPECIAL MASTER'S REPORT REGARDING THE SUPPLEMENTAL PLAN OF CORRECTION FOR INDIVIDUAL SERVICE COORDINATORS**

Before the Court is the September 30, 2009 Special Master's Report Regarding the Supplemental Plan of Correction for Individual Service Coordinators ("ISCs") (Docket # 364). This Report addresses an outstanding issue with respect to recordkeeping and the accuracy of electronic records that are being used by ISCs. The 1994 Consent Decree includes very specific requirements regarding information that is to be maintained on each class member. (See 1994 Consent Decree § IX.6 (e)-(h).) Of course, these requirements were written in 1994 when the Defendants relied primarily on paper records. In the intervening 16 years, Defendants, like most organizations, have gradually increased their use of electronic records; specifically, Defendants now rely on an electronic case management system known as EIS. The result is that Defendants now have some electronic records on each class member as well as some paper records. (See May 22, 2009 Plan of Correction Review of Paper Records (Docket # 364-1) at 2.) Having reviewed all of the submissions made to the Court regarding this issue between 2005 and 2009, it appears that the lingering problem for Defendants is that they have failed to provide evidence to counter the EIS inaccuracies documented by Plaintiffs in 2007.[1] (See Special Master's Proposed Findings and Conclusions Regarding Individual Service Coordinators (Docket # 299) at 15-16.) Absent any objection or additional information, the Court ACCEPTS and AFFIRMS the Special

---

[1] Defendants filed no objections to the 2007 findings of the Special Master regarding EIS inaccuracies and, as a result, they were adopted by the Court in 2008. (See April 18, 2008 Endorsement Order (Docket # 306).) Thus, the Court and Defendants are now bound by those findings in accordance with the Order of Reference (Docket # 246).

Master's Report (Docket # 364). However, the Court additionally finds that—as of 2009—Defendants maintain records as they are described by Defendants in the May 22, 2009 and August 27, 2009 Plan of Correction Reports (Docket #s 364-1 & 364-3). While some of the information currently maintained by the ISCs is different than what is contemplated by the 1994 Decree, it appears that Defendants are attempting to capture and maintain the information that best assists ISCs in managing each class member's needs and services. Nonetheless, absent some evidence in the record that the current information is substantially accurate, the Court cannot certify substantial compliance with the Consent Decree's ISC recordkeeping requirements.

Accordingly, the Court will reserve ruling on whether the failure to achieve certified substantial compliance with subsections 6(g) and 6(h) of Sections IX of the 1994 Consent Decree prevents the Court from finding overall substantial compliance and/or any of the other criteria necessary for termination of the Decree. The parties shall be prepared to argue this issue at oral argument.

SO ORDERED.

                                                          /s/ George Z. Singal  
                                                        United States District Judge

Dated this 2nd day of February, 2010.