# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 91-CV-321-P-S |
| | ) |
| BRENDA HARVEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ACCEPTING THE FINAL REPORT OF THE SPECIAL MASTER

Before the Court are the Final Report of the Special Master (Docket # 366) and the Plaintiffs' Objections to the Final Report (Docket # 372). The Court has reviewed and considered the Final Report, together with the entire record. Pursuant to the Order of Reference (Docket # 246), the Court determines that no hearing is necessary on Plaintiffs' Objections.

To the extent that Plaintiffs' Objections urge the Court to accept and view the Final Report only "as a status report without formal findings and conclusions," the Court declines to give so little weight to the substantial work of the Special Master, which was undertaken in accordance with this Court's June 24, 2009 Order (Docket # 356). (Pls.' Obj. at 31.)

After full review of the Report and Plaintiffs' Objections, the Court gratefully ACCEPTS and AFFIRMS the Special Master's Findings and Conclusions and OVERRULES Plaintiff's Objections to the extent they can be read as opposing the Court's acceptance of the Final Report or any of the findings and conclusions found therein. Specifically, the Court now adopts the following findings:

(1) Defendants have "substantially complied, in a numerical sense, with the provisions of the Consent Decree" with the exception of implementation of informed consent

policies and ISC recordkeeping requirements found in subsections 6(g) and 6(h) of Sections IX of the 1994 Consent Decree.[1] (Final Report at 29.)

(2) "In the course of implementing the Consent Decree and in preparation for a post-Decree world, many systems have been put in place that could serve as 'mechanisms for future compliance'." (Id. at 30.) "These systems include the annual Person Centered Planning process, the Grievance and Appeal process, Advocacy Services, Adult Protective Services and Quality Assurances, as well as the systemic oversight and advocacy to be provided by the Maine Developmental Services and Oversight Board." (Id. at 25.)

(3) Defendants' "commitment to achieving compliance has existed and is evidenced by the Defendants' accomplishments in achieving substantial compliance over the course of several years." (Id. at 28.) The Special Master "found Defendants to be attentive to their responsibilities under the Court Orders." (Id. at 29.) "It is an open question whether, absent [the Consent Decree's] obligations and judicial supervision, [Defendants] would have been able to withstand the onslaught of continuing fiscal pressures as described [in the Final Report]." (Id.) This "is a case of Defendants who have made a substantial and sustained good faith and largely successful effort to achieve compliance . . . ." (Id.)

To the extent that Plaintiffs' Objections argue that "the question of termination of the Decree, in accordance with its terms or otherwise, is not properly before the Court," the Court

---

[1] To the extent that the Final Report also listed Adult Protective Services as a "significant open issue left for resolution" (Final Report at 22), the Court has issued a separate order finding substantial compliance with Section XVI(8) of the 1994 Consent Decree.

disagrees and believes that position is without merit. (Pls.' Obj. at 31.) Defendants' Motion for Relief from Judgment (Docket # 371) has put the issue of termination squarely before the Court. To the extent that any of the remaining arguments laid out in Plaintiffs' Objection can be read as providing a basis for opposing termination, the Court will consider and address those arguments in the context of deciding Defendants' Motion for Relief Judgment, which the Court is setting for oral argument via a separate order.

As explained herein, Plaintiffs' Objections to the Final Report (Docket # 372) are DENIED.

SO ORDERED.

                                                       /s/ George Z. Singal
                                                       United States District Judge

Dated this 2nd day of February, 2010.