# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 91-CV-321-P-S |
| | ) |
| BRENDA HARVEY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR ORAL ARGUMENT

Before the Court is Plaintiffs' Motion for Oral Argument on Defendant's Motion for Relief from Judgment (Docket # 380). The Court hereby GRANTS the Motion and sets this matter for oral argument on March 2, 2010 at 9:00 AM. The Court has reserved three hours for this oral argument.

The Court has already issued orders accepting the Final Report of the Special Master and addressing all outstanding "substantial compliance" issues. In light of those orders, the Court expects to address the following questions at oral argument:

1. Are Defendants entitled to relief from judgment pursuant to Rule 60(b)(5) because they have "satisfied" the judgment? In the Court's current view, Defendants have satisfied the 1994 Consent Decree if they meet the three criteria for termination listed in Section IV.7. Thus, the Court asks the parties to come prepared to discuss the following questions with respect to those criteria:

    (a) <u>Substantial Compliance:</u>  Can the Court find substantial compliance in a numerical sense with the terms of the Decree even if Defendants have not substantially complied with the ISC recordkeeping requirements in subsections 6(g) and 6(h) of Sections IX of the Decree? What is the potential impact if Defendants are unable to certify that each class member who is under guardianship has an implemented informed consent policy in place?

    (b) <u>Mechanisms to Assure Future Compliance:</u>  The Special Master and this Court have found that there are systems in place that could serve as mechanisms of future

compliance. What other systems (if any) are needed? What standard should the Court use in assessing that the mechanisms currently in place will in fact remain as functional systems going forward? How is the Court to address Plaintiffs' concerns that there will be backsliding in light of the fiscal pressures facing the State? How will the systems in place protect the class members from backsliding?

(c) <u>Demonstrable Commitment to Achieving Compliance:</u>  The Court has no specific questions with respect to this criteria. Both the Court and the Special Master concluded that Defendants have met this benchmark.

2. Are Defendants entitled to relief from judgment pursuant to Rule 60(b)(5) and <u>Horne v. Flores</u>, 129 S. Ct. 2579 (2009) because there are significant changes either in factual conditions or in law that render continued enforcement of the 1994 Consent Decree detrimental to the public interest? Does the status of this Consent Decree as a settlement entered into without any finding of a violation of federal law make this case distinguishable from <u>Horne</u>? How is the continued enforcement of the Consent Decree detrimental to the public interest?

3. If the Court cannot grant Defendants relief from judgment as requested, what steps should the Court take next in light of the completion of the certification process and the Court's own findings? What is the next level of disengagement? <u>See</u> <u>Consumer Advisory Board v. Glover</u>, 989 F.2d 65, 67 (1st Cir. 1993) (recognizing that a consent decree can "pass through levels of disengagement"). Absent releasing the State from all obligations under the 1994 Consent Decree, how can the Court ensure the class of the benefits of the legislation adopted by the State in 2007 including the formation of the Maine Developmental Services Oversight and Advisory Board to be established pursuant to 34-B M.R.S.A. § 1223?

SO ORDERED.

     /s/ George Z. Singal
     United States District Judge

Dated this 2nd day of February, 2010.