UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Docket no. 91-CV-321-P-S |
| ) | |
| BRENDA HARVEY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Before the Court is a motion titled, "Motion for Further Findings and Conclusions and/or to Clarify, Alter or Amend the Judgment" (Docket # 399), which the Court treats as a motion for reconsideration of its Order on Motion for Relief from Judgment (Docket # 398). The Motion (Docket # 399) is hereby DENIED.

The Court need only offer a brief response to Plaintiffs' newfound yet meritless arguments. First, no trial was held in this matter because the Consent Decree was entered as the culmination of the parties' approved settlement. (See Docket #s 62-66.) As a result, the requirements of Federal Rule of Civil Procedure 52(a)(1) are inapplicable to the Court's proceedings on Defendants' Motion for Relief from Judgment. Nonetheless, the Court notes that the Order on Motion for Relief from Judgment (Docket # 398) clearly incorporated all of its prior orders adopting the findings and conclusions of the Special Master. (See March 19, 2010 Order at 4 n. 2.) The Court also entered the separate Order Accepting the Final Report of the Special Master (Docket # 387), which included findings regarding the mechanisms for future compliance.[1] In so doing, the Court believes that it complied with Rule 52(a)(4). No further findings are necessary as the multitude of adopted findings provides a substantial factual foundation for the Court's decision to terminate the Decree.

---

[1] Specifically, the Court found that the Person Centered Planning (PCP) process, the Grievance and Appeal process, Advocacy Services, Adult Protective Services (APS) and Quality Assurance all included systems that can serve as mechanisms for future compliance. (See Feb. 2, 2010 Order (Docket # 387) at 2.) Thus, the adopted findings as to these five certification areas serve as the factual foundation for the Court's legal conclusion that there are mechanisms in place to assure future compliance.

Second, Plaintiffs' belated request[2] for a declaration that each class member has perpetual rights to various annual exams, eyeglasses (as needed), respite care, etc. is bewildering  As a result of the Decree's termination, this Court is no longer supervising Defendants' provision of these services to class members.  To the extent that any member of the class believes that they are being wrongly denied an annual medical examination, an annual dental examination, eyeglasses, respite care or attorney's fees on any grievance, a claim may be presented in the appropriate state forum.  See, e.g., 34-B M.R.S.A. §§ 5005(3), 5604-A, 5606.  The Court states no opinion on the validity of any such claim.  In fact, it would be wholly inappropriate for this Court to offer further "guidance to the parties about their future rights and obligations." (Pls.' Reply (Docket # 401) at 2.)

Finally, Plaintiffs' Motion makes repeated reference to the "Next Court Order," which is nothing more than a draft document circulated amongst the parties and the Special Master when all sides were still collaborating towards a joint motion for termination of the Decree.  The mere fact that such an order might have been entered with the agreement of both sides does not mean that such an order was required.  Rather, in light of Defendants' apparent objection to the "Next Court Order," the Court believes that such an order is not warranted.  In short, the "gap" that Plaintiffs seek to fill with a next court order or amended judgment is simply a gap between the Court's plain reading of the 1994 Consent Decree and Plaintiff's wishful reading, which contemplates perpetual federal oversight and detailed lifetime commitments to each class member.  Neither the factual record, the language of the Decree, nor the holding of Horne v. Flores, -- U.S. ---, 129 S. Ct. 2579 (2009) provide a basis for the Court to provide the oversight or declarations Plaintiffs now seek.  For this reason, the Court DENIES Plaintiffs' Motion (Docket # 399).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of April, 2010.

---

[2] The Court describes the request as belated because in opposing the Motion for Relief from Judgment, Plaintiffs did not specifically argue that the termination of the Consent Decree would result in class members losing eyeglasses, medical and dental exams or respite care.  Moreover, there is no evidence suggesting that any class member has lost these services.