# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER ADVISORY BOARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 91-CV-321-P-S |
| | ) |
| BRENDA HARVEY, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED ORDER ON MOTION TO TERMINATE ATTORNEY'S FEES**

Before the Court is Defendants' Motion to Terminate Plaintiffs' Attorney's Fees (Docket # 403). Having reviewed the applicable language of the 1994 Consent Decree (Docket # 66) as well as the contract entered into by the parties as a result of the Decree (Att. 1 to Gallivan Aff. (Docket # 403-1) (hereinafter, the "Contract"), the Court concludes that the Motion should be GRANTED IN PART.

To the extent Defendants seek to have their obligation to pay Plaintiffs' attorney's fees terminated retroactively as of March 19, 2010, the Court will not order a retroactive termination. Rather, the Court will terminate the obligation as of May 28, 2010. The Court notes that Defendants did not explicitly seek a ruling regarding attorney's fees prior to filing the pending motion on April 30, 2010. Under the clear language of the Contract entered into between Plaintiffs' counsel and Defendants, the Contract "may not be terminated except by order of the United States District Court" and then "shall be equitably adjusted to compensate for such termination." (Docket # 403-1 at 13.) In the Court's view, a blanket retroactive termination of attorney's fees would be neither equitable nor "reasonable and appropriate" in accordance with

the terms of the Decree. In this case, the Court believes that equity and fairness require adjusting the termination date to the date of this Order.[1]

Therefore, the Court hereby GRANTS IN PART Defendants' Motion (Docket # 403) and ORDERS that the Contract between Plaintiffs' counsel and Defendants be TERMINATED as of this date. In accordance with the Court's March 19, 2010 Order on Motion for Relief from Judgment, Defendants shall no longer be obligated to pay Plaintiffs' costs and attorney's fees pursuant to Section IV(8) of the 1994 Consent Decree.

SO ORDERED.

      /s/ George Z. Singal
     United States District Judge

Dated this 28th day of May, 2010.

---

[1] In setting this date, the Court notes that the 30-day period for Plaintiffs to file a notice of appeal with respect to the March 19, 2010 Order on Motion for Relief from Judgment (Docket # 398) or the April 20, 2010 Order on Motion for Reconsideration (Docket # 402) has passed and no notice of appeal has been filed. Thus, the Court need not consider whether Plaintiffs' counsel would be entitled to additional fees in connection with any pending appeals of those orders.